IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL CASE NO. 11-295-CG |
| ) | |
| JAMES P. MURRAY, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

The government requests that the court reconsider its order dismissing the indictment against the Defendant, James P. Murray ("Murray") and asserts that "Murray's false statement need not have been made to a federal agency or a federally funded state agency; …[and] is within the Corps' jurisdiction based upon multiple Supreme Court and Eleventh Circuit formulations." (Doc. 17). In its motion, the government essentially re-argues the same points it raised in its opposition to Murray's motion to dismiss (Doc. 14) and points to the same Supreme Court and Eleventh Circuit cases discussed previously. See Doc. 17. Although the court will not revisit those arguments it has previously addressed, the government raises two points which merit brief discussion.

The first point is the contention that Eleventh Circuit precedent supports the view that Murray's false statement was within the Corps' jurisdiction, and therefore subject to prosecution pursuant to 18 U.S.C. § 1001. (Doc. 17, p. 2). In fact, with regard to Eleventh Circuit precedent, the opposite is true. In United States v. London, 714 F.2d 1558 (11th Cir. 1983), the Eleventh Circuit considered almost

1

precisely the same question presented by this case and arrived at the same conclusion as this court in finding that a directed acquittal should have been granted at trial on the § 1001 count. <u>London</u> concerned an attorney who attempted to defraud his clients by forging a United States District Court order so as to induce the clients into paying a fictitious damages award. The attorney was indicted and convicted on multiple counts, including one count alleging a violation of § 1001. The Eleventh Circuit reversed the conviction on that count, however, holding that § 1001 was not applicable to the attorney's conduct because the providing of false documents to private litigantsin civil litigation does not fall within the scope of the statute. <u>London</u> at 1561-63. The <u>London</u> court concurred with the Second Circuit's opinion in <u>United States v. D'Amato</u>, 507 F.2d 26 (2nd Cir. 1974), and found that "[§ 1001] is not intended to apply to false statements made in civil actions in the United States Courts where the government is not a party to the lawsuit; instead, the statute was intended to proscribe only those false statements meant to deceive the government or its agencies." <u>London</u> at 1561. The Eleventh Circuit went on to state that "[s]tatements of other Courts reinforce the concept that the purpose of § 1001 is only to prevent misrepresentations *to the government*." <u>Id.</u> (emphasis in the original). The <u>London</u> court also held that "[t]he purpose of § 1001 is clearly *to protect the government* from fraud and deceit. The reach of the statute covers all materially false statements, including non-monetary fraud, made *to any branch of the government*." <u>Id.</u> (quoting <u>United States v. Fern</u>, 696 F.2d 1269, 1273 (11th Cir. 1983) (emphasis in the original).

2

The second point meriting discussion is the government's contention that the Ninth Circuit's holding in United States v. Oren, 893 F.2d 1057 (9th Cir. 1990), is applicable to this case. (Doc. 17, p. 5). Setting aside the fact that the Ninth Circuit's holding in Oren is persuasive authority while the Eleventh Circuit's holding in London is binding, Oren is also distinguishable. In Oren, the Ninth Circuit held that the jurisdictional requirement of § 1001 was met where a defendant made false statements to an appraiser with the goal of driving up the price of a piece of property the National Park Service was interested in and authorized to purchase. That appraisal, and the underlying fraudulent documentary support, was ultimately sent to the National Park Service. Oren, 893 F.2d 1064–65.

"Although Oren takes a broad view of the jurisdictional reach of § 1001, there, unlike here, (1) the false representations concerned a piece of real property that the National Park Service was authorized to and eventually did purchase, and (2) the false statements were directed to a third-party with a direct relationship to a federal agency." United States v. Townsley, 2011 WL 1812599, *4 (N.D. Cal. May 12, 2011). Here, by contrast, Murray's forged Corps of Engineers permit (1) did not involve property that the federal government was interested in or authorized to purchase, and (2) was directed at a private litigant with no relationship to the government, who never submitted the document to the Corps (except, perhaps, once the forgery was suspected, to find out whether the permit was genuine).

Accordingly, for the reasons stated herein and in the court's order dismissing the indictment against Murray (Doc. 16) , the government's motion for reconsideration is **DENIED**.

**DONE** and **ORDERED** this 10th day of January, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE